**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ROBERT CONKLIN,
              Appellant,

       v.

DEPARTMENT OF THE ARMY,
              Agency.

DOCKET NUMBER
AT-1221-16-0700-B-1

DATE: May 14, 2026

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Adam Jerome Conti, Esquire, Atlanta, Georgia, for the appellant.

Erica Fessler, Esquire, Austin, Texas, for the agency.

**BEFORE**

Henry J. Kerner, Vice Chairman
James J. Woodruff II, Member

**FINAL ORDER**

The appellant has filed a petition for review of the remand initial decision, which denied his request for corrective action in his individual right of action whistleblower reprisal appeal. On petition for review, the appellant challenges the administrative judge's findings regarding the contributing factor element of his prima facie case and generally argues that the administrative judge took too narrow of an approach to that element. Generally, we grant petitions such as this

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to supplement the administrative judge's discussion of the contributing factor element in the appellant's prima facie case, we AFFIRM the initial decision.

This appeal is back before the Board on remand and concerns the appellant's whistleblower reprisal claim that he was not selected for a Combat Development Specialist position with the agency's Training and Doctrine Command (TRADOC) in 2015 in retaliation for, among other things, filing a complaint with the Office of Special Counsel (OSC). *Conklin v. Department of the Army*, MSPB Docket No. AT-1221-16-0700-W-1, Remand Order (Feb. 23, 2024). In a remand initial decision, the administrative judge correctly found that the appellant proved by preponderant evidence that he engaged in protected activity under 5 U.S.C. § 2302(b)(9)(C) when he filed an OSC complaint. *Conklin v. Department of the Army*, MSPB Docket No. AT-1221-16-0700-B-1 Remand File (RF), Tab 15, Remand Initial Decision (RID) at 4. He also correctly found that the appellant failed to establish that the selecting official for the vacancy at issue had either actual or constructive knowledge of that protected activity, thereby failing to demonstrate the knowledge/timing test as a part of the

contributing factor analysis. RID at 4-8. The appellant's arguments on review do not provide a basis to disturb that finding.[2]

While the record remained open on review, the appellant filed a motion for leave to submit additional evidence, which, he asserts, shows that the selecting official had actual knowledge of his protected activity. Remand Petition for Review (RPFR) File, Tab 5. Generally, the Board will not consider evidence submitted for the first time on review absent a showing that the documents and the information contained in the documents were unavailable before the record closed despite due diligence and the evidence is of sufficient weight to warrant an outcome different from that of the initial decision. *Cleaton v. Department of Justice*, 122 M.S.P.R. 296, ¶ 7 (2015). The appellant acknowledges that this document was available before the record closed below and that he did not submit it then. RPFR File, Tab 5 at 5. Although he asserts that he was not on notice that the selecting official's knowledge of his OSC complaint would be a dispositive issue, *see id.*, the jurisdictional order issued below informed him of how he could

---

[2] On review, the appellant points to timeline created by the selecting official on or around August 11, 2016, more than a year after the 2015 selection. Remand Petition for Review (RPFR) File, Tab 1 at 9-10. He argues that entries in this timeline demonstrate that the selecting official had constructive knowledge of the OSC complaint or was otherwise influenced by another agency official with improper animus. *Id*. The administrative judge considered this timeline and the appellant's corresponding arguments in the remand initial decision but found that it did not establish that the agency official with alleged animus against the appellant influenced the selecting official in any way. RID at 7 n.3. We have reviewed the timeline and the appellant's arguments related thereto on review, and we agree with the administrative judge that, although it reflects that the agency official appears to have had some involvement in the hiring process prior to the publication of the vacancy announcement, such as reviewing the position description and making status inquiries, there is no indication that, following publication of the vacancy announcement, he was involved with or influenced the selecting official's hiring decision. RF, Tab 10 at 89-99. We discern no basis to disturb the administrative judge's conclusion that the appellant failed to establish constructive knowledge/cat's paw theory. *See Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

prove the contributing factor element, including discussion of the knowledge/timing test. *Conklin v. Department of the Army*, MSPB Docket No. AT-1221-16-0700-W-1 Initial Appeal File (IAF), Tab 3 at 4. In any event, the appellant's motion provides the contents of the additional evidence. RPFR File, Tab 5 at 4-5. By his own admission, the additional evidence only purports to show that the selecting official was included on an email that referenced "OSC findings," and it does not include the appellant's name or other contextual details potentially identifying the appellant's OSC complaint. *Id*. Accordingly, we find that the proffered evidence is not of sufficient weight to warrant an outcome different from that of the remand initial decision, and we deny the appellant's motion.

After finding that the appellant failed to meet the knowledge/timing test, the administrative judge found that he failed to prove that the OSC complaint was a contributing factor to the nonselection. RID at 8. However, the knowledge/timing test is not the only way for an appellant to satisfy the contributing factor element. *See Dorney v. Department of the Army*, 117 M.S.P.R. 480, ¶ 14 (2012). Rather, when an appellant fails to meet this test, the Board will consider other evidence such as evidence pertaining to the strength or weakness of the agency's reason for taking the personnel action, whether the whistleblowing was personally directed at the proposing or deciding official, and whether these individuals had a desire or motive to retaliate against the appellant. *Id*., ¶ 15. We supplement the remand initial decision to address these factors here.

Regarding the strength or weakness of the agency's reason for not selecting the appellant, the record establishes that, at the time TRADOC was staffing the position at issue, it was under a hiring freeze, and that it sought and received special permission to recruit and hire an internal TRADOC candidate for the position. IAF, Tab 6 at 6, Tab 7 at 24-27. The parties stipulated that a TRADOC employee was ultimately selected for the position. RF, Tab 12 at 4. Because it is

undisputed that the appellant was a contractor and not a TRADOC employee at the time, *id.*, he could not have been selected for the position.[3]  Additionally, it is undisputed that the selecting official was not the subject of the appellant's OSC complaint, and the record does not otherwise reflect that he had any personal desire or motive to retaliate against the appellant.  We acknowledge that those responsible for the agency's performance overall may well be motivated to retaliate even if they are not directly implicated by the disclosure, as the criticism reflects on them in their capacities as managers and employees.  *See Whitmore v. Department of Labor*, 680 F.3d 1353, 1370 (Fed. Cir. 2012).  However, the record is unclear on the issue of whether the selecting official in this matter is a manager or supervisor, or whether he is otherwise responsible for the agency's performance overall.  In any event, even assuming a slight potential institutional motive to retaliate on the part of the selecting official under *Whitmore*, we find that the additional considerations do not amount to preponderant evidence that the appellant's OSC complaint was a contributing factor in the nonselection at issue.  Accordingly, we ultimately agree with the administrative judge that the appellant failed to establish the contributing factor element of his prima facie case, and we affirm the remand initial decision as modified.

---

[3] The Combat Development Specialist vacancy announcement listed that only TRADOC employees with competitive status within the local commuting area could apply.  IAF, Tab 7 at 18.  The appellant asserts, however, that on the second page of the vacancy announcement, it also states that other groups of applicants, including but not limited to those eligible under [the Veterans Employment Opportunities Act (VEOA)], may apply.  RPFR File, Tab 1 at 13; *see* IAF, Tab 7 at 19.  Thus, he claims that he was eligible for the position "by virtue of his VEOA status."  RPFR File, Tab 1 at 13.  He further asserts that he has a "stellar resume" and has "uniquely strong qualifications for the position."  *Id.* at 12.  Regardless of whether additional candidates were eligible to apply, including the appellant, the record nonetheless reflects that the hiring authority was limited to an internal TRADOC candidate and that an internal TRADOC candidate was selected.  IAF, Tab 6 at 6; RF, Tab 12 at 4.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2);  *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.